IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

VICKI D. BROWN                                                                                    PLAINTIFF

      v.                                             CIVIL NO. 07-3053

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                    DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Vicki D. Brown brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provision of Title XVI of the Social Security Act (Act).

**I.    Procedural Background:**

The application for SSI presently before this court was filed on July 21, 2005, alleging an inability to work since March 1, 2005, due thoracic strain, chronic rhomboid tendonitis of the left shoulder, depression and numbness in her fingers. (Tr. 52, 114, 418). An administrative hearing was held on March 22, 2007. (Tr. 403-446). Plaintiff was present and represented by counsel.

By written decision dated June 19, 2007, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 14). These severe impairments are a thoracic strain and chronic rhomboid tendonitis of the left shoulder. (Tr. 14). However, after reviewing all of the evidence presented, the ALJ determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in

Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found plaintiff retained the residual functional capacity (RFC) to lift and/or carry twenty pounds occasionally, ten pounds frequently; to stand or walk for six of eight hours in a work day, with no longer than thirty minutes of continuous walking; and to sit for six of eight hours in a work day. (Tr. 14). The ALJ found plaintiff was unable to drive due to effects of pain medication and pain in her left arm; unable to reach overhead with her non-dominant left arm; and unable to climb scaffolds, ladders and ropes. With the help of a vocational expert, the ALJ determined plaintiff could perform other work as a small product assembler and a cashier II. (Tr. 20).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision by the Appeals Council was denied on September 22, 2007. (Tr. 3–5). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc.1). Both parties filed appeal briefs and this case is before the undersigned for report and recommendation. (Doc. 7, 9).

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists

in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience

in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

### III.    Discussion:

The ALJ has a duty to fully and fairly develop the record.  It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about her abilities. To properly determine a claimant's RFC, an ALJ is "required to consider at least some supporting evidence from a [medical] professional." *See Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)

In the present case, the ALJ found plaintiff did not suffer from a mental impairment that would significantly limit her ability to perform work-related tasks. (Tr. 18). In making this determination, the ALJ discounted the opinions of Drs. Vann A. Smith and R. Stephen Austin, a psychologist and psychiatrist, respectively.

On March 12, 2007, plaintiff underwent a psychiatric evaluation performed by Dr. Austin. (Tr. 370-377). After examining plaintiff, Dr. Austin diagnosed plaintiff with a dysthymic disorder and a generalized anxiety disorder and gave plaintiff a global assessment of functioning (GAF) score of 50. Dr. Austin also started plaintiff on Lexapro. Dr. Austin also completed a Mental Residual Functional Capacity Questionnaire on April 6, 2007, opining plaintiff was seriously limited but not precluded from performing most of the abilities needed to perform unskilled, semi-skilled and skilled work. (Tr. 388-394, 396-402).

On March 29, 2007, plaintiff underwent a neuropsychological evaluation, including a battery of neuropsychodiagnostic screening tests, performed by Dr. Smith. (Tr. 378-381). Dr. Smith opined plaintiff's evaluation revealed a pattern of abnormal findings consistent with a

-4-

diagnoses of cognitive dysfunction and a mood disorder. Dr. Smith also completed a Mental Residual Functional Capacity Questionnaire on April 4, 2007, opining plaintiff had a current GAF score of 35-40 and that plaintiff was seriously limited but not precluded or unable to meet the competitive standards of most abilities needed to perform unskilled, semi-skilled and skilled work. (Tr. 382-386).

In making the disability determination, the ALJ justified discounting Dr. Smith by noting plaintiff only saw him once and that Dr. Smith's opinion was based, in part, on plaintiff's reported history. The ALJ discounted Dr. Austin, because the assessment was not supported by the overall medical evidence of record and that plaintiff had been a client only since February of 2007. A review of the entire evidence of record reveals plaintiff complained of depression during the relevant time period. As Drs. Smith and Austin opinions are the only medical evidence discussing plaintiff's alleged mental impairments, disregarding their opinions left no medical evidence in the record on the issue. *See Hildebrand v. Barnhart,* 302 F.3d 836, 838 (8th Cir.2002) (court may remand for taking of further evidence where ALJ fails to develop record fully); *Haley v. Massanari,* 258 F.3d 742, 749 (8th Cir.2001) (reversible error for ALJ not to order consultative examination where such evaluation is necessary to make informed decision); *Pratt v. Sullivan,* 956 F.2d 830, 834 (8th Cir.1992) (per curiam) (reversible error for ALJ to substitute his own conclusions for diagnosis of examining psychiatrist).

We believe remand is necessary so that the ALJ can more fully and fairly develop the record regarding plaintiff's mental impairment. On remand the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff asking the physicians to review plaintiff's medical records and complete a mental RFC assessment regarding plaintiff's

capabilities during the time period in question. If further development of the record on the issue of plaintiff's mental RFC is necessary, the ALJ may also order a consultative mental exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's mental abilities to perform work related activities. *See* 20 C.F.R. § 416.917.

We further note that the medical evidence is also somewhat ambiguous with regard to plaintiff's physical RFC. On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff--including Dr. Paul Wilbur--asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question; and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). The ALJ may also order a consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a physical examination and appropriate testing needed to properly diagnosis plaintiff's condition and level of pain, and complete a medical assessment of plaintiff's ability to perform work related activities. *See* 20 C.F.R. § 416.917.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### IV. Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of December 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE