IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

VICKI D. BROWN                                              PLAINTIFF

        v.            Civil No. 07-3053

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                             DEFENDANT


O R D E R

Now on this 4th day of February, 2009, come on for consideration the **Magistrate Judge's Report And Recommendation** (document #10), and the **Commissioner's Objection To Magistrate Judge's Report And Recommendation** (document #11), and from said documents, and the administrative record in this case, the Court finds and orders as follows:

1.   Plaintiff appeals an unfavorable decision of the Commissioner on her claim for supplemental security income under the Social Security Act.   The ALJ found that plaintiff had two severe impairments, thoracic strain and chronic rhomboid tendonitis of the left shoulder, but that she could work as a small products assembler or cashier.

2.   The administrative record was reviewed by the Magistrate Judge, who reported that the ALJ discounted the only medical information related to plaintiff's mental impairments, and improperly substituted her own conclusions for those of the examining neuropsychologist and psychiatrist.   The Magistrate Judge recommended that the case be remanded pursuant to sentence

four of **42 U.S.C. §405(g)** for development of the record as to plaintiff's mental impairments.

The Magistrate Judge also recommended that upon remand the ALJ further develop the record with regard to plaintiff's physical impairments.

3.   The Commissioner objects that plaintiff did not allege a mental impairment until the reconsideration-level appeal of her case and that her medical history does not justify remand for development of the record in regard to mental impairment.

The Commissioner also objects that the physical capacity determination is "legally sufficient" and "supported by the overall record."

4.   The first of the Commissioner's objections is undermined by the simple fact that at the reconsideration-level appeal, the ALJ considered and evaluated plaintiff's claim of depression. Were the assertion of this claim untimely, the Court believes the ALJ would not have given it substantive consideration, and the Court will not dismiss it out of hand as untimely.

Nor does the Court agree that plaintiff's medical history fails to justify remand for development of the record in regard to mental impairment.  As noted in the ALJ's Decision, when the ALJ reaches step four of the five-step evaluation process, she "must consider all of the claimant's impairments, including impairments that are not severe."

In this case, there was evidence of mental impairment. Dr. Van Smith, a neuropsychologist, diagnosed plaintiff as having cognitive dysfunction, non-psychotic, and mood disorder, both secondary to general medical condition. He opined that plaintiff was unable to meet competitive standards with regard to the mental abilities and aptitudes needed to do work.

The ALJ rejected Dr. Smith's assessment that plaintiff was unable to meet competitive standards, because Dr. Smith was an examining rather than a treating physician and because "he acknowledged that his conclusions were based, in part, on a single clinic visit and the claimant's reported history." The ALJ's rejection of Dr. Smith's assessment overlooks the fact that all medical care providers take a history from the patient and -- it is logically to be presumed -- do so because they intend to rely to some degree upon that history.

In addition, the ALJ overlooks the fact that Dr. Smith administered a battery of neuropsychodiagnostic screening tests, the results of which qualify as laboratory findings "shown by the use of medically acceptable laboratory diagnostic techniques" under **20 C.F.R. §404.1528.** Dr. Smith then based his assessment on plaintiff's "clinical history, mental status examination, and neuropsychodiagnostic screening test profile data," which in his opinion showed "a pattern of abnormal responses and pathgnomonic [sic] signs" consistent with "diffuse organic brain dysfunction"

commonly associated with brain trauma and "the dysregulation of key central neurochemistry . . . believed now to be precipitated by the brain and spinal cord's adaptive response to chronically painful disease process."

Given the foregoing, the Court concludes that the ALJ was presented with objective medical evidence of mental impairment. In the face of this evidence, the ALJ was not free to simply disregard Dr. Smith's assessment and substitute her own opinion that plaintiff "suffers from no mental impairment which would significantly limit her ability to perform work-related tasks." She was required to determine whether additional evidence was needed, **20 C.F.R. §404.1503e; 20 C.F.R. §404.1420a; Lauer v. Apfel, 245 F.3d 700 (8th Cir. 2001),** and if so, to obtain it. **Haley v. Massanari**, 258 F.3d 742 (8th Cir. 2001).

5.   With regard to the recommendation that the ALJ further develop the record as to plaintiff's physical residual functional capacity ("RFC"), the Court will not go into more detail than to say that because the ultimate decision must consider all of plaintiff's impairments in combination, the Court believes that the ALJ's tasks on remand cannot be successfully accomplished without further development of the record as to plaintiff's physical impairments.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report And Recommendation** (document #10) is adopted **in toto**, and this

-4-

matter is **remanded** to the Commissioner pursuant to sentence four of **42 U.S.C. §405(g),** with instructions to conduct further reconsideration as recommended in the **Magistrate Judge's Report And Recommendation.**

IT IS FURTHER ORDERED that the **Commissioner's Objection To Magistrate Judge's Report And Recommendation** (document #11) is **overruled.**

IT IS SO ORDERED.

  /s/ Jimm Larry Hendren  
JIMM LARRY HENDREN  
UNITED STATES DISTRICT JUDGE