IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

VICKI BROWN                                                                                            PLAINTIFF

v.                                                  CIVIL NO. 07-3053

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                          DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Vicki Brown, appealed the Commissioner's denial of benefits to this court. On December 23, 2008, a report and recommendation was entered recommending that the case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 10). On February 4, 2009, the report and recommendation was adopted and the case was remanded for further consideration. (Doc. # 12). On May 5, 2009, plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA") requesting $1, 573.78 for 6.40 attorney hours at an hourly rate of $150.00, 7.50 paralegal hours at an hourly rate of $75.00, and $51.28 in expenses. (Doc. # 14-12). The defendant has filed a response to plaintiff's motion voicing no objection to the EAJA fee requested by counsel. (Doc. # 15).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four

judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

The Commissioner filed a response expressing no objection to counsel's entitlement to fees pursuant to the EAJA. Instead, the defendant objected to the amount of fees to which counsel is entitled. The court construes this lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney. *Meyers v. Heckler*, 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also, Cornella v. Schweiker,* 728 F.2d 978 (8th Cir. 1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits

resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen*, 879 F.2d 359, 361 (8th Cir. 1989). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

3

Plaintiff's counsel seeks reimbursement at an hourly rate of $150.00 for attorney hours and $75.00 per hour for paralegal work. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit and has presented evidence of an increase in the cost of living. Accordingly, we find that plaintiff's counsel is entitled to an hourly rate above the maximum statutory rate of $150.00 per hour.

Plaintiff's counsel has also requested compensation for paralegal hours worked at the rate of $75.00 per hour. Accordingly, we find $75.00 per hour for paralegal work to be reasonable. *See Richlin Security Service Company v. Chertoff,* 128 S.Ct. 2007 (U.S. 2008).

We next address the number of hours plaintiff's counsel claims he spent working on this case. Counsel requests reimbursement for .25 paralegal hour for preparing a letter to the court clerk; .75 paralegal hour for perfecting service; .25 paralegal hour for filing plaintiff's appeal brief; and, .50 paralegal hour for preparing plaintiff's affidavit and a letter to the plaintiff. The court finds that these tasks could have easily been performed by support staff. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been

AO72A
(Rev. 8/82)

completed by support staff is not compensable under the EAJA). Therefore, 1.75 paralegal hours will be deducted from the total number of compensable hours.

Counsel also seeks .25 paralegal hour for receiving and reviewing the FMC of the complaint; .50 paralegal hour for preparing the amended IFP application; 1.00 paralegal hour for preparing an amended complaint; and, 2.00 paralegal hours for preparing the EAJA motion and exhibits. We find the time requested for reviewing the FMC to be excessive. Further, we do not believe counsel is entitled to the 1.50 paralegal hours sought for preparing the amended IFP application and complaint, as these documents were incomplete when originally filed. Counsel is not entitled to additional hours of compensation for correcting his own mistakes. It is clear that counsel frequently represents social security plaintiff's before this court and should be well versed in social security law. Therefore, we will deduct 2.15 paralegal hours from counsel's total number of compensable hours.

We also find counsel's request for .25 paralegal hour for reviewing the defendant's brief and .10 paralegal hour for reviewing the Order adopting the Report and Recommendation to be cumulative. Counsel has requested and is being awarded .50 attorney hour for reviewing the brief and .40 hour for reviewing the Order. We do not find it appropriate to also award paralegal time for reviewing these documents. Accordingly, we will deduct .35 paralegal hours from the total number of compensable hours.

Counsel seeks reimbursement for $51.28 in expenses incurred with regard to filing fees and expenses. Such expenses are recoverable under the EAJA and we find $51.28 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based on the above, we recommend awarding plaintiff's attorney fees under the EAJA for: 6.40 (6.40-0) attorney hours at the rate of $150.00 per hour, 3.25 (7.50-4.25) paralegal hours at an hourly rate of $75.00, and $51.28 in expenses, for a total attorney's fee award of $1255.03. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future. Further, this award should be paid directly to plaintiff's counsel. *Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008).

**The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

Dated this 21st day of May 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE